FILED
United States Court of Appeals
Tenth Circuit

March 10, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES M. ROBINSON,

      Petitioner - Appellant,

v.

VALERIE ESTRADA,

      Respondent - Appellee.

No. 15-1370
(D.C. No. 1:12-CV-02659-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

      After a Colorado jury convicted him of public indecency, Mr. Robinson filed a habeas petition challenging his conviction under 28 U.S.C. § 2254. But when Mr. Robinson repeatedly disregarded court deadlines without a colorable excuse, the court dismissed the petition for lack of prosecution under Federal Rule of Civil Procedure 41(b). Mr. Robinson asks us to grant him a certificate of appealability and hold that the district court abused its discretion in reaching this decision, but we don't see how we might.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In an ideal world all cases would be resolved on their merits rather than on the basis of process fouls, but we do not live in an ideal world. Sometimes people miss court deadlines by accident or for a good reason, and often their mistakes are excused. But no litigant can without good reason repeatedly disregard court orders and fail to expect that dismissal will follow. *See, e.g.*, *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323-24 (10th Cir. 2011).

That's what happened here. After Mr. Robinson filed his federal habeas petition, the district court realized he hadn't exhausted his state remedies. Rather than dismiss the case outright, though, the court offered to stay the federal proceedings until Mr. Robinson could exhaust the state remedies still available to him. The court clearly and pointedly advised Mr. Robinson that he would have thirty days to reopen his habeas petition once the state proceedings finished. But rather than following those directions, Mr. Robinson waited nearly a year after exhausting his state remedies before moving to reopen his federal habeas action and he offered no colorable excuse or justification for his delay. Because of this, the district court issued an order asking Mr. Robinson to show cause within thirty days why his action should not be dismissed. But Mr. Robinson disregarded this deadline too, and did so again without offering any colorable excuse or justification. Only then did the district court finally dismiss his case. Under these circumstances it cannot reasonably be disputed that the district court acted within the discretion afforded it by law. *See* 28 U.S.C. § 2253(c)(2); *Lee*, 638

F.3d at 1321-24. Mr. Robinson's request for a certificate of appealability is denied and this appeal is dismissed.

<div style="margin-left: 40%;">

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

</div>